UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

WILLIAM JOEL PETTY,

Petitioner,

v.

TERRI GONZALES, Warden,

Respondent.

Case No. CV 12-00681 GHK (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus ("Petition") brought by William Joel Petty ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and raises two claims directed at Petitioner's September 25, 2007 conviction and corresponding December 7, 2007 sentence in the California Superior Court for Los Angeles County (case no. KA078772). Petitioner was convicted of unlawfully taking or driving a vehicle and sentenced to 13 years in state prison, a term which included enhancements for prior convictions and prison terms. For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

///

## II. DISCUSSION

### A. Standard of Review

Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///

The face of the Petition and relevant state court records[1] establish the following relevant facts. Petitioner was convicted of the above offense on September 25, 2007, and was sentenced on December 7, 2007. On December 23, 2008, the California Court of Appeal affirmed the judgment of conviction (case no. B204577). The California Supreme Court then denied review of the court of appeal's decision on March 11, 2009 (case no. S169837). (Pet. at 2-3[2]; state court records.) Petitioner does not appear to have filed a petition for certiorari with the United States Supreme Court.

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on June 9, 2009, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, June 10, 2009, and ended a year later on June 9, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until January 20, 2012 -- 590 days (approximately one year and seven months) after the expiration of the limitations period.[3] Accordingly, absent some

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records).

[2] Petitioner did not consecutively number the pages of the Petition, his attached pages, and his exhibits, as required by Local Rule 11-3.3. For the sake of clarity, the Court's page citations refer to the electronic pagination furnished by the CM-ECF electronic document filing system.

[3] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (continued...)

basis for tolling or an alternative start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C. Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

The face of the Petition and relevant state court records establish Petitioner filed three state habeas petitions. His first state habeas petition was constructively filed in the superior court on April 26, 2009, before Petitioner's conviction became final for

---

[3/] (...continued)
(1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). The envelope containing the Petition was postmarked on January 20, 2012, and the Petition was filed by the clerk's office on January 26, 2012. (Pet. at 1, 52.) For purposes of the timeliness analysis, and absent proof to the contrary, the Court finds Petitioner constructively filed the Petition by delivering it to prison authorities for mailing on January 20, 2012.

AEDPA purposes. (case no. KA078772).[4] That petition was denied on November 20, 2009. Next, on April 15, 2010, he filed a habeas petition in the state court of appeal (case no. B223768), which was denied on May 20, 2010. Finally, on December 9, 2010, he filed a habeas petition in the California Supreme Court (case no. S188865), which was denied on July 13, 2011. (Pet. at 3-5, 28-35; state court records.)

As discussed below, Petitioner is entitled to statutory tolling for the pendency of all three state habeas petitions, but not the intervals between them during which no petitions were pending, because those intervals were unreasonably long and are without any justification.

Petitioner's first state habeas petition was filed before the statute of limitations started to run, therefore, there was initially nothing to toll. *Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006. However, Petitioner is entitled to tolling for the period from June 9, 2009, the day the limitations period would have started running, until November 20, 2009, the date the superior court denied that petition. *Saffold*, 536 U.S. at 220. Given 164 days of statutory tolling, the statute of limitations deadline was extended from June 9, 2010, to November 20, 2010.

As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period *where reasonable*. *Id.* at 221, 223; *Evans*, 546 U.S. at 192. However, here, the interval between the superior court's decision and the filing of Petitioner's next habeas petition in the court of appeal spanned 146 days, from November 20, 2009 to April 15, 2010. That interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory

---

[4] The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). As a result, Petitioner is not entitled to interval tolling between the denial of his first state habeas petition in the superior court and the filing of his second habeas petition in the court of appeal.

Next, Petitioner is entitled to statutory tolling for the pendency of his second state habeas petition in the court of appeal, from April 15 to May 20, 2010. *Saffold*, 536 U.S. at 220. Given 35 additional days of statutory tolling, the statute of limitations deadline was again extended from November 20, 2010, to December 25, 2010.

Petitioner waited even longer before filing his next habeas petition, specifically, 203 days, from May 20, 2010, until December 9, 2010. Like the interval between his first two petitions, this latter interval was also unreasonable and unexplained, and does not qualify for statutory tolling. *Chaffer*, 592 F.3d at 1048.

Finally, Petitioner is entitled to statutory tolling for the pendency of his third and last state habeas petition in the California Supreme Court, from December 9, 2010, to July 13, 2011. *Saffold*, 536 U.S. at 220. Given 216 additional days of statutory tolling, the statute of limitations deadline was once more extended from December 25, 2010, to July 29, 2011.

As the foregoing establishes, despite receiving 415 total days of the statutory tolling to which Petitioner is entitled, the pending Petition, constructively filed on January 20, 2012, is still untimely by 175 days.

## D. Alternative Start of the Statute of Limitations

### 1. State-Created Impediment

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

Petitioner's filings do not set forth any facts that show he is entitled to an alternate start date under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to an alternate start date under this provision.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's filings do not set forth any facts that show Petitioner is entitled to an alternate start date of the limitations period based upon the late discovery of the factual predicate.

**E. Equitable Tolling**

The AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in

reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner's filings do not show he is entitled to equitable tolling in this case.

**ORDER**

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **February 28, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

///

///

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: February 7, 2012

                                            ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE